IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff RICHARD HENDERSON-THOMAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RICHARD HENDERSON-THOMAS, <br><br> Plaintiff, <br><br> vs. <br><br> INDCAL PROPERTIES LP; KANTABEN PRAHLADBHAI PATEL; RESHMA PATEL; and VISHNU PATEL <br><br><br> Defendants | **Case No.** 25-cv-2666 <br><br> ***Civil Rights*** <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
1

1  RICHARD HENDERSON-THOMAS ("Plaintiff") complains of INDCAL
2  PROPERTIES LP; KANTABEN PRAHLADBHAI PATEL; RESHMA PATEL;
3  and VISHNU PATEL ("Defendants"), as follows:

4  1.  **INTRODUCTION:** This case involves the denial of accessible liquor
5  store facilities, including denial of accessible exterior and interior paths of travel to
6  Plaintiff at Mr. K's Liquor also known as Mr. K's Mini Mart, located at 615 W
7  Orangethorpe Ave, Placentia, California ("Liquor Store"). Plaintiff is a "person
8  with a disability" or "physically handicapped person." Plaintiff is physically
9  disabled because of a motorcycle accident and requires the use of a wheelchair for
10  mobility and is unable to use portions of public facilities which are not accessible
11  to disabled persons who require the use of a wheelchair. In early November 2025,
12  Plaintiff was denied his rights to full and equal access at these facilities, and was
13  denied his civil rights under both California law and federal law, as hereinbelow
14  described, because these facilities were not, and are not now, properly accessible to
15  physically disabled persons who use wheelchairs. Plaintiff seeks injunctive relief to
16  require Defendants to make these facilities accessible to disabled persons. Plaintiff
17  also seeks recovery of damages for his discriminatory experience, denial of access
18  and denial of his civil rights, which denial is continuing because of Defendants'
19  failure to provide disabled accessible facilities. Plaintiff also seeks recovery of
20  reasonable attorney fees, litigation expenses and costs, according to statute.

21  2.  **JURISDICTION:** This Court has jurisdiction of this action pursuant
22  to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990,
23  42 U.S.C §§ 12101 *et seq.* Pursuant to supplemental jurisdiction, attendant and
24  related claims arising from the same facts are also brought under California law,
25  including, but not limited to, violations of the Health & Safety Code §§ 19955-
26  19959; California Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Title 24 California
27  Code of Regulations.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
2

3.    **VENUE:** Venue is proper in this Court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and because a substantial part of the events or omissions giving rise to the claims occurred here.

4.    **PARTIES:** Plaintiff is, and at all times relevant hereto was, a qualified individual with a physical disability. At all relevant times to this Complaint, Plaintiff has been substantially limited in his ability to walk due to a 2016 accident that resulted in loss of sensation in his left leg and drop foot. His condition was further aggravated by a subsequent fractured left femur. Plaintiff possesses a permanent disabled parking placard issued by the State of California. He lives in Anaheim, California. Plaintiff relies on a wheelchair for mobility.

5.    Upon information and belief, Defendants are, and at all relevant times were, the owners, operators, lessors, and/or lessees of the subject business, property, and buildings. Plaintiff is informed and believes and on that basis alleges that the subject facilities have been newly constructed and/or underwent remodeling, repairs, or alterations since July 1, 1970, and that Defendants have failed to comply with federal and California access standards applied at the time of each such new construction and/or alteration.

6.    Plaintiff is informed and believes, and on such information alleges, that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here. All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

1   including their managing agents, owners, and representatives.

2       7.      **FACTUAL ALLEGATIONS:** The Liquor Store is a facility open to

3   the public, a place of public accommodation, and a business establishment. It is

4   subject to the requirement of § 301(7) of the ADA (42 U.S.C. § 12181(7),

5   California Civil Code §§ 51, 51.5, and 54, et seq., and Cal. Health and Safety Code

6   §§19955 et seq.

7       8.      In early November 2025, Plaintiff visited a nearby pharmacy to obtain

8   his prescription medication before stopping at the Liquor Store to purchase

9   beverages and snacks for a planned evening activity.

10      9.      Upon arriving at the Liquor Store, Plaintiff immediately noticed the

11  absence of any accessible parking signage. Plaintiff parked in what appeared to be

12  an accessible parking space but encountered difficulty navigating from the space to

13  the store entrance because the path of travel was excessively narrow, raising

14  concern that he might roll off the elevated curb along its edge. The entrance door

15  included a swing mechanism permitting it to open both inward and outward, but

16  the door required excessive operating force to open, creating an additional barrier

17  to entry for Plaintiff.

18      10.     Inside the Liquor Store, the conditions continued to impede Plaintiff's

19  mobility. The aisles were extremely narrow, making safe and independent

20  navigation difficult. Plaintiff was able to maneuver through the first aisle to reach

21  the cooler section, but when attempting to access other portions of the store to

22  locate snacks, he became trapped in the back corner due to the confined space.

23  Plaintiff was forced to conduct multiple maneuvers simply to turn around, during

24  which he unintentionally blocked his brother's movement, as his brother—who

25  was accompanying Plaintiff—became pinned behind him. To exit, Plaintiff had no

26  choice but to retrace the same narrow aisle he had entered through, as no alternate

27  accessible route existed. During this process, Plaintiff was required to stop and

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

4

wait for another patron to pass. That individual was forced to walk around the entire aisle to reach their intended section because Plaintiff's wheelchair fully obstructed the only available path.

11.    Plaintiff is deterred from returning to the Liquor Store as long as it remains inaccessible to him. He will return to shop at the Liquor Store if it is made accessible.

12.    The wrongful conduct of Defendants, did cause irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facilities in violation of the 1991 and/or 2010 ADA Standards for Accessible Design and/or California Title 24 Building code requirements, and/or other applicable Codes, statutes, and/or regulations. At all times stated herein, the existence of said barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disabilities Act of 1990 and other similar rules, ordinances, regulations, statutes, and requirements, either then, now, or in the future.

13.    Prior to initiating this action, Plaintiff's counsel retained a CASp-certified accessibility expert to conduct an evaluation of the subject property. Based on that evaluation, and upon information and belief, the expert concluded that the property fails to comply with applicable accessibility requirements and identified the following barriers affecting individuals with disabilities, including Plaintiff:

**1) No accessible path of travel from the public right-of-way**
**Observed Condition:** No compliant accessible route connects the public sidewalk to the facility entrance.
**Code Requirement:** An accessible route must be provided from the public

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5

right-of-way to the building entrance.
**Noncompliance:** Lack of an accessible route interrupts required site access.

**2) No tow-away sign at parking facility entrance**
**Observed Condition:** Tow-away signage is not posted at the driveway.
**Code Requirement:** Accessible parking must be accompanied by required tow-away signage.
**Noncompliance:** The required tow-away information is missing.

**3) No accessible parking signage provided**
**Observed Condition:** Accessible parking spaces are not identified with required signage.
**Code Requirement:** Each accessible stall must have compliant identification signage.
**Noncompliance:** Missing required ADA/CBC signage.

**4) Access aisle not located on the passenger side of the accessible stall**
**Observed Condition:** The access aisle is not positioned on the passenger side as required.
**Code Requirement:** Access aisles must be located on the passenger side for standard accessible spaces.
**Noncompliance:** Access aisle placement does not meet required configuration.

**5) Accessible parking stall depth is less than 18 feet**
**Observed Condition:** Stall length does not meet the 18-foot minimum for standard accessible spaces.
**Code Requirement:** Accessible stalls must be 18'-0" minimum in length.
**Noncompliance:** Parking stall is undersized.

**6) Access aisle contains slopes exceeding 2%**
**Observed Condition:** Measured slopes across the access aisle exceed 2%.
**Code Requirement:** Access aisles shall not exceed 2% slope in any direction.
**Noncompliance:** Non-permitted slope in access aisle.

**7) "NO PARKING" surface markings are faded**
**Observed Condition:** Required "NO PARKING" lettering on access aisle is worn and not visible.
**Code Requirement:** Access aisles must display clearly visible "NO

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

PARKING" markings.
**Noncompliance:** Surface lettering is not maintained in a legible condition.

**8) Path of travel from parking is less than 48 inches wide**
**Observed Condition:** Accessible route connecting parking to the entrance measures less than 48" wide.
**Code Requirement:** Walks and accessible routes along site circulation paths must be 48" minimum in California.
**Noncompliance:** Required route width is not maintained.

**9) Front entrance lacks the required 60" pull-side landing**
**Observed Condition:** Pull-side maneuvering clearance depth is less than 60".
**Code Requirement:** Front-approach pull-side clearance must be 60" minimum.
**Noncompliance:** Noncompliant door maneuvering space.

**10) Front door push side lacks the required 10" smooth surface at bottom rail**
**Observed Condition:** Door does not provide a smooth, uninterrupted surface for 10" above the finish floor on the push side.
**Code Requirement:** Doors must provide a smooth surface 10" minimum measured vertically from finish floor.
**Noncompliance:** Bottom-rail smooth surface requirement is not met.

**11) ADA entrance leaf not identified with required signage**
**Observed Condition:** Door leaf usable for accessible entry is not marked with required signage indicating the accessible entrance.
**Code Requirement:** Directional and informational signage is required where an accessible entrance is provided.
**Noncompliance:** Lack of required accessibility identification signage.

**12) Front door requires more than 5 lbs force to operate**
**Observed Condition:** Door opening force exceeds 5 lbs.
**Code Requirement:** Interior doors must not exceed 5 lbs opening force; exterior doors must be the minimum force feasible.
**Noncompliance:** Excessive operating force.

**13) Front door closing speed is faster than 5 seconds**

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
7

**Observed Condition:** Door closer allows the door to latch faster than 5 seconds from 90° to 12°.
**Code Requirement:** Door closing speed must be 5 seconds minimum.
**Noncompliance:** Door closing speed is too fast.

**14) Interior aisles are less than 44" (and in some points less than 36")**
**Observed Condition:** Circulation aisles between merchandise and fixtures do not maintain required width.
**Code Requirements:**
• CBC retail aisles: 44" minimum when serving elements on both sides.
• ADA minimum: 36" minimum continuous, with 32" pinch points.
**Noncompliance:** Aisle width is below both CBC and ADA minimums.

**15) No turning space at aisle intersection**
**Observed Condition:** Intersection of aisles does not provide a compliant turning space.
**Code Requirement:** Turning space must be provided where an accessible route dead-ends or at intersections when needed for directional change.
**Noncompliance:** Required turning space or T-turn is not provided.

**16) Access aisle is not 8 feet wide**
**Observed Condition:** The provided access aisle measures less than 8 feet in width.
**Code Requirement:** Standard accessible parking spaces require an adjacent 8'-0" minimum wide access aisle.
**Noncompliance:** Access aisle does not meet the required minimum width.

**17) Accessible parking space is not configured as a Van Accessible space**
**Observed Condition:** The existing accessible stall does not meet the requirements for a van-accessible parking space.
**Code Requirement:** Van-accessible spaces require:
• **12'-0" minimum stall width** with a **5'-0" aisle**, or
• **8'-0" minimum stall width** with an **8'-0" aisle**,
plus **98" vertical clearance** in vehicle route and stall.
**Noncompliance:** Parking configuration does not satisfy van-accessible dimension or clearance requirements.

14.    These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
8

Plaintiff's accessibility expert.

## FIRST CLAIM:

## VIOLATION OF THE ADA, TITLE III

## [42 U.S.C. §§ 12101 et seq.]

## (Against all Defendants and each of them)

15.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

16.    Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(1).

17.    Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

18.    The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

19.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a.  Providing benefits that are unequal to that afforded to people without disabilities. 42 U.S.C. § 12182(b)(1)(A)(i)–(iii).
>
> b.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v). Barriers are defined by reference to the ADA Standards for Accessible Design.

d. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable. 42 U.S.C. § 12183(a)(1).

e. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

20.    Plaintiff alleges on information and belief that the Liquor Store was designed and constructed (or both) after January 26, 1993, independently triggering access requirements under Title III of the ADA. Irrespective of the Liquor Store's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv).

21.    Here, Defendants violated the ADA by designing or constructing (or

both) the Liquor Store in a manner that did not comply with federal disability access standards even though it was practicable to do so.

22.    Moreover, 28 C.F.R 36.211 mandates that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." Defendants have violated this regulation by failing to ensure that the accessible features at the Liquor Store are adequately maintained.

23.    Regardless of the construction and alteration history of the subject premises, the removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA because the majority of identified conditions, such as restriping and adding signage to accessible parking, relocating the access aisle, repainting "NO PARKING" markings, providing proper tow-away signage, widening or reconfiguring store aisles, adjusting door closers to reduce opening force and slow closing speed, and maintaining compliant maneuvering clearances, are the very types of low-cost, low-effort measures that the U.S. Department of Justice presumes to be readily achievable under its Title III guidance. These modifications require no structural demolition or major capital work and are comparable to routine operational actions that any business undertakes to serve customers safely. The modest expense of implementing these corrections is far outweighed by the substantial benefit of ensuring full and equal access for patrons with mobility disabilities, and accessibility is therefore not an optional upgrade but a fundamental cost of doing business, just like complying with fire codes or maintaining lighting and safety markings. Even to the extent Defendants attempt to characterize any required modifications as more expensive or beyond routine maintenance, such as correcting slopes, the removal of these barriers remains

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

readily achievable because the benefits of providing full and equal access to disabled customers far outweigh the costs. These larger modifications are recurring, permanent improvements that will provide access to future disabled patrons, reduce risk of injuries, and allow stable patronage from customers who would otherwise be deterred from returning. Because the cost of correcting these barriers is modest when measured against the ongoing benefit of ensuring equal access, compliance with federal and state accessibility standards remains readily achievable even for measures that require more time or capital.

24.     Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
## [Cal. Civil Code §§ 51 et seq.]
### (Against all Defendants and each of them)

25.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

26.     The Liquor Store is a business establishment within the meaning of the Unruh Act. Cal. Civ. Code § 51(b).

27.     Defendants are the owners and/or operators of a business establishment.

28.     Defendants violated the Unruh Act by their acts and omissions:

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

12

a. Failure to construct or alter the Liquor Store in compliance with state building code and state architectural requirements ("CBC");

b. Failure to remove known barriers to access at the Liquor Store;

c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Liquor Store;

d. Failure to maintain accessible features in violation of CBC 11B-108;

e. Violation of the ADA, including the 1991 and/or 2010 Standards, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

29. Plaintiff has experienced barriers to access at the Liquor Store, all of which have caused him difficulty, discomfort, and embarrassment. Cal. Civil Code § 55.56(c). Plaintiff suffered mental and emotional damages, including statutory damages, according to proof.

30. On information and belief, the Liquor Store is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

31. These barriers to access render the Liquor Store inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

32. Each violation of the ADA constitutes a separate violation of

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

13

1 California Civil Code § 51(f), thus independently justifying an award of damages
2 and injunctive relief under California law, including, but not limited to, Civil Code
3 § 52(a).

4   33. As for Defendants' violations of the Unruh Act that are not predicated
5 on violations of the ADA, Defendants' behavior was intentional: they were aware
6 of or were made aware of their duties to remove barriers that prevent persons with
7 mobility disabilities like Plaintiff from obtaining full and equal access to the
8 Liquor Store. Defendants' discriminatory practices and policies that deny full
9 enjoyment of the Liquor Store to persons with physical disabilities reveal actual
10 and implied malice and conscious disregard for the rights of Plaintiff and other
11 similarly disabled individuals. Defendants have thus engaged in willful affirmative
12 misconduct in violating the Unruh Act.

13   34. On information and belief, the access features of the Liquor Store
14 have not been improved since Plaintiff's visits there. Plaintiff's injuries are
15 ongoing so long as Defendants do not modify their policies and procedures and
16 provide fully accessible facilities for Plaintiff and other persons with similar
17 mobility disabilities.

18   35. At all times mentioned, Defendants knew, or in the exercise of
19 reasonable diligence should have known, that barriers, policies, and practices at its
20 facilities violated disabled access requirements and standards and had a
21 discriminatory impact upon Plaintiff and upon other persons with similar mobility
22 disabilities, but Defendants failed to rectify the violations, and presently continues
23 a course of conduct in maintaining barriers that discriminate against Plaintiff and
24 similarly situated disabled persons.

25   36. Based on Defendants' violations of the Unruh Act, Plaintiff seeks and
26 is entitled to damages for each incident that caused Plaintiff difficulty, discomfort,

27

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

and embarrassment, Cal. Civil Code §52. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**[Cal. Civil Code §§ 54 *et seq.*]**

**(Against all Defendants and each of them)**

37.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

38.    The Liquor Store is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code  § 54 *et seq.*

39.    The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civil Code § 54.

40.    The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civil Code § 54.1(a)(1).

41.    The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, Cal. Civil Code  § 54.1(d).

42.    Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

a. Failure to construct or alter the Liquor Store in compliance with the CBC;

b. Failure to remove known barriers to access at the Liquor Store;

c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Liquor Store;

d. Failure to maintain accessible features in violation of CBC 11B-108; and

e. Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

43.    Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

## FOURTH CLAIM:

## VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

### [Cal. Health and Safety Code §§19955 *et seq.*]

### (Against all Defendants and each of them)

44.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

45.    Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55. Plaintiff seeks injunctive relief under the Unruh Act and the ADA.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

16

of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

46.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

47.    On information and belief, portions of the Liquor Store and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Liquor Store and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Liquor Store to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

48.    Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the Liquor Store and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA"

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

17

1  requirements, the American Standards Association Specifications, A117.1-1961.

2  49.    On information and belief, at the time of the construction and

3  modification of said building, all buildings and facilities covered were required to

4  conform to each of the standards and specifications described in the American

5  Standards Association Specifications and/or those contained in the California

6  Building Code.

7  50.    The Liquor Store is a "public accommodations or facilities" within the

8  meaning of Health & Safety Code §19955, *et seq.*

9  51.    As a result of the actions and failure to act of Defendants, and because

10  of the failure to provide proper and legally accessible public facilities, Plaintiff was

11  denied his right to full and equal access to public facilities and suffered a loss of

12  civil rights and rights as a person with physical disabilities to full and equal access

13  to public facilities.

14  WHEREFORE, Plaintiff requests relief as outlined below.

15  **<u>PRAYER FOR RELIEF:</u>**

16  1.    Plaintiff has no adequate remedy at law to redress the wrongs

17  suffered as explained in this Complaint. Plaintiff has suffered and will continue to

18  suffer irreparable injury because of the unlawful acts, omissions, policies, and

19  practices of Defendants as alleged here, unless Plaintiff is granted the relief he

20  requests. Plaintiff and Defendants have an actual controversy and opposing legal

21  positions as to Defendants' violations of the laws of the United States and the State

22  of California. The need for relief is critical because the rights at issue are

23  paramount under the laws of the United States and the State of California.

24  2.    Plaintiff requests a declaratory judgment that Defendants' actions,

25  omissions, and failures—including, but not limited to, failing to remove known

26  architectural barriers at the Liquor Store to make it "accessible to and useable by"

27  mobility disabled persons; failing to construct and/or alter the Liquor Store in

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3.    Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

      a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

      b.   To provide reasonable accommodation for persons with disabilities at the Liquor Store;

      c.  To ensure that persons with disabilities are not denied equal benefits at the Liquor Store;

      d.  To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

      e.  To maintain such accessible facilities once they are provided;

      f.  To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Liquor Store; and

      g.  To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Liquor Store.

4.    Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5.     Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof.

6.     Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7.     Plaintiff requests prejudgment interest under California Civil Code § 3291;

8.     Plaintiff requests interest on monetary awards as permitted by law; and

9.     Plaintiff requests any other relief that this Court may deem just and proper.

Date: November 27, 2025                    ALLACCESS LAW GROUP


                                          _____ /s/ Irakli Karbelashvili_____
                                          By IRAKLI KARBELASHVILI, Esq.
                                          Attorney for Plaintiff
                                          RICHARD HENDERSON-THOMAS

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: November 27, 2025                              ALLACCESS LAW GROUP


                                                     */s/ Irakli Karbelashvili*
                                                     By IRAKLI KARBELASHVILI, Esq.
                                                     Attorney for Plaintiff
                                                     RICHARD HENDERSON-THOMAS

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES